UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MARVIN ALEXANDER                                CIVIL ACTION

VERSUS                                          NO. 21-2324-WBV-DPC

GEICO GENERAL INSURANCE COMPANY                 SECTION: D (2)

**ORDER AND REASONS**

Before the Court is a Motion to Remand, filed by plaintiffs, Marvin and Lisa Alexander.[1] GEICO General Insurance Company ("GEICO") initially opposed the Motion,[2] but subsequently withdrew its Opposition brief in light of the Irrevocable Stipulation to Damages filed by Plaintiffs on March 28, 2022.[3]

After considering the briefs submitted by the parties and the applicable law, for the reasons expressed below, the Motion to Remand is **GRANTED** and this matter is hereby **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

On or about November 5, 2021, Marvin and Lisa Alexander (collectively, "Plaintiffs") filed a Petition for Damages in the 24th Judicial District Court for the Parish of Jefferson, Louisiana against GEICO, their uninsured/underinsured motorist insurance carrier, seeking damages for injuries they purportedly sustained

---

[1] R. Doc. 16.
[2] R. Doc. 19.
[3] R. Docs. 24, 25 & 28.

as a result of a motor vehicle accident that occurred on or about December 8, 2020.[4] In the Petition, Plaintiffs seek to recover the following damages: (1) past, present, and future pain and suffering; (2) inconvenience; (3) mental anguish; (4) emotional distress; (5) hedonic damages; (6) embarrassment; (7) humiliation; (8) past, present, and future medical expenses; (9) lost wages; and (10) diminished earning capacity.[5] While Plaintiffs seek several items of damages, there is no indication of the physical injuries suffered by each plaintiff, or the amount in controversy related to their alleged damages.

On December 17, 2021, GEICO removed the matter to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.[6] GEICO alleged that it was evident from the face of the Petition that the parties are diverse and the amount in controversy exceeds the $75,000 threshold for diversity jurisdiction.[7] The Court disagreed, and issued an Order on December 21, 2021, giving GEICO until December 28, 2021 to file a comprehensive amended notice of removal alleging sufficient facts to show the amount in controversy was satisfied at the time of removal.[8] On December 28, 2021, GEICO timely-filed an Amended Notice of Removal, asserting additional facts and providing evidence to support its contention that the amount in controversy was met at the time of removal.[9]

---

[4] R. Doc. 1-1.
[5] *Id*. at pp. 3-4.
[6] R. Doc. 1.
[7] *Id*. at ¶¶ 4-7 & 9.
[8] R. Doc. 7.
[9] R. Doc. 8.

On January 21, 2022, Plaintiffs filed a Motion to Remand, asserting that the Court lacks subject matter jurisdiction because GEICO has failed to prove by a preponderance of evidence that the amount in controversy exceeds $75,000.[10] GEICO opposed the Motion to Remand, asserting that the amount in controversy in this case exceeds the $75,000 threshold for diversity jurisdiction.[11] On March 21, 2022, the Court held a Telephone Status Conference to discuss the pending Motion to Remand and the amount in controversy.[12] Plaintiffs' counsel advised the Court that prior to removal, Plaintiffs had offered GEICO a stipulation that the amount in controversy did not exceed $75,000. As a result of the discussions during the conference, Plaintiffs filed an Irrevocable Stipulation to Damages (the "Irrevocable Stipulation"), asserting that the total value in controversy in this case does not exceed $75,000, that neither Plaintiffs nor their counsel will accept an amount that exceeds $75,000, and affirmatively renouncing and waiving their entitlement to accept or enforce a judgment in excess of $75,000.[13] In light of the Irrevocable Stipulation, GEICO withdrew its Opposition to the Motion to Remand.[14]

## II.  LAW AND ANALYSIS

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[15] When original jurisdiction is based on diversity of citizenship, the cause of action must be between

---

[10] R. Doc. 16.
[11] R. Doc. 19.
[12] R. Doc. 23.
[13] R. Doc. 24.
[14] R. Doc. 25.
[15] 28 U.S.C. § 1441(a).

"citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[16] Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.[17] The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[18] The removing party has the burden of proving federal diversity jurisdiction.[19] If a defendant meets that burden, the plaintiff must prove to a legal certainty that her recovery will not exceed the jurisdictional amount to obtain a remand.[20] The plaintiff can meet that burden by showing state procedural rules limit the plaintiff's recovery or by filing a binding stipulation or affidavit to that effect with the complaint.[21] Remand is proper if at any time the court lacks subject matter jurisdiction.[22]

It is well-settled that, "[O]nce the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction."[23] The Fifth Circuit has clarified that, "While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only

---

[16] 28 U.S.C. § 1332(a)-(a)(1).
[17] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").
[18] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).
[19] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).
[20] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).
[21] *Id.*
[22] *See,* 28 U.S.C. § 1447(c).
[23] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90, 58 S.Ct. 586, 82 L.Ed. 845 (1938)).

if the basis for jurisdiction is ambiguous at the time of removal."[24] Here, the Court has already determined that the basis for the Court's diversity jurisdiction was ambiguous at the time of removal because it was not facially apparent from the state court Petition that the amount in controversy was met.[25] As such, the Court may consider Plaintiffs' Irrevocable Stipulation.

Assuming, without deciding, that GEICO's Amended Notice of Removal provided sufficient additional information and evidence to show that the amount in controversy was met at the time of removal, the burden then shifted to Plaintiffs to show to a legal certainty that their recovery will not exceed the jurisdictional threshold of $75,000. The Court finds that Plaintiffs' Irrevocable Stipulation, in which Plaintiffs and their counsel waived any right to accept compensation exceeding $75,000, exclusive of interest and costs, satisfies that burden. Accordingly, this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332, and this matter must be remanded.

## III.   CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Motion to Remand[26] is **GRANTED.** This matter is hereby **REMANDED** to the 24th Judicial

---

[24] *Gebbia*, 233 F.3d at 883 (citing *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *abrogated on other grounds, Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998)).
[25] R. Docs. 1 & 7.
[26] R. Doc. 16.

District Court for the Parish of Jefferson, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1332.

New Orleans, Louisiana, March 31, 2022.

*[signature: Wendy B Vitter]*

**WENDY B. VITTER**
**United States District Judge**